IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HUDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     CIVIL ACTION NO. 10-00532-JB-MU |
| | ) |
| BP EXPLORATION & PRODUCTION, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the Motion for Summary Judgment filed by Defendants

BP Exploration & Production Inc., BP Products North America Inc., BP America Inc., and BP PLC

("BP"). (Doc. 79).[1]  The Court entered an order requiring any party opposing the Motion to file a

response on or before March 8, 2023.  (Doc. 82).  Plaintiff did not file any opposition.[2]  The Motion

is ripe for resolution.  Upon careful consideration, and for the reasons stated below, the Court

concludes the Motion is due to be GRANTED.

I.       **Background:**

This is a "B3" action for alleged toxic exposures arising out of the 2010 *Deepwater Horizon*

oil spill ("Oil Spill").[3]  Plaintiff was not involved in the clean-up response to the Oil Spill.  Rather,

---

[1] BP states "[c]o-defendant Halliburton Energy Services, Inc. joins this motion." (Doc. 80 at fn.1).  Counsel for BP has not appeared for Halliburton in this action, and Halliburton has not filed a joinder in BP's Motion.  The Court therefore deems BP's statement of Halliburton's joinder to be of no effect.  The Court's Order herein applies only to Plaintiff's claims against BP.

[2] BP also filed a Notice of Supplemental Authority on December 12, 2023 (Doc. 85), to which Plaintiff filed no response.

[3] This action was part of the "B3" Pleading Bundle of cases filed in the multi-district litigation docket in the United States District Court for the Eastern District of Louisiana.  2:10-md-02179-CJB (E.D. La.).

Plaintiff alleges he entered the Gulf of Mexico at Orange Beach, Alabama, on or about July 2, 2010, to rescue a drowning child and "was exposed to and/or ingested dangerous levels of crude oil and dispersant toxins that were present as a result of the [BP's] conduct." (Doc. 1). He alleges his exposures caused personal injuries. (*Id*.).

This Court entered a global B3 Case Management Order on August 20, 2021 ("CMO"). (Doc. 64). Under the CMO, Plaintiff was required to identify expert witnesses to be called at trial, within 540 days of the date of the order or the date any defendant filed an answer. (*Id*.). In this case, the deadline under the CMO to identify testifying experts was February 13, 2023. On December 17, 2021, the Court modified the CMO, setting the deadline to disclose expert reports for June 10, 2023. (Doc. 70).[4]

Plaintiff never disclosed expert reports or identified experts.

## II.    Summary Judgement Standard:

Rule 56 of the Federal Rules of Civil procedure states the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The "substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court does not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Rather, the Court "determine[s] whether there is a genuine issue for trial." *Id. at 250.*

The movant bears the initial burden of proof to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The movant may support an

---

[4] BP's Motion (Doc. 79) filed February 15, 2023, is based on the February 13, 2023 deadline set in the initial CMO. BP's Motion does not account for the June 10, 2023 deadline to disclose expert reports set in the Modified CMO (Doc. 70). Nevertheless, Plaintiff has not disclosed, and now cannot disclose, experts or expert reports.

assertion that a fact cannot be disputed by showing the "adverse party cannot produce admissible evidence to support the fact."  Rule 56(C)(1).

"When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 477 U.S. at 324).  "[T]here is no genuine issue for trial where 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]'"  *Davis v. Stewart*, 2023 U.S. Dist. LEXIS 51315, *22 (S.D. Ala. March 27, 2023) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In analyzing a motion for summary judgment, the Court views the facts in the light most favorable to the non-movant.  *See Davis*, 2023 U.S. Dist. LEXIS 51315, at *23 (citing *Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1192 (11th Cir. 2001) (*per curiam*) ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.")).

### III.    Analysis:

This is a toxic exposure tort case.  As such, Plaintiff must produce competent evidence of general and specific causation.[5]  *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005).  "This type of proof requires expert testimony[.]"  *McClain*, 401 F.3d at 1237.  *See also*,

---

[5] "General causation" concerns "whether an agent increases the incidence of disease in a group and not whether the agent caused any given individual's disease." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1239 (11th Cir. 2005) (quoting Michael D. Green et al., Reference Guide on Epidemiology, in REFERENCE MANUAL ON SCIENTIFIC EVIDENCE 392 (Federal Judicial Center, 2d ed. 2000)).  "Specific causation" concerns whether the particular plaintiff was "exposed to the toxin, … exposed to enough of the toxin to cause the alleged injury, and [whether] the toxin in fact cause[d] the injury."  *McClain*, 401 F.3d at 1239.

*Griffin v. BP Expl. & Prod. (In re Deepwater Horizon BELO Cases)*, 2022 U.S. App. LEXIS 850, *6 (11th Cir. Jan. 11, 2022) ("In a toxic-tort case like this one, a plaintiff must establish both general and specific causation through admissible, reliable expert testimony.").  Indeed, "'[t]oxic tort cases . . . are won or lost on the strength of the scientific evidence presented to prove causation.'"  *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1297 (11th Cir. 2005) (quoting *Rider v. Sandoz Pharmaceuticals Corp.*, 295 F.3d 1194, 1197 (11th Cir. 2002)).

BP moves for summary judgment based on Plaintiff's failure to provide competent expert testimony to establish causation.  (Doc. 80).  It is undisputed that Plaintiff has not produced, and now cannot produce, competent evidence of either general or specific causation to support his toxic exposure tort claim.  As such, there is no genuine issue of material fact and BP is entitled to judgment as a matter of law.

### CONCLUSION

BP's Motion for Summary Judgment (Doc. 79) is **GRANTED**.

**DONE and ORDERED** this 8th day of February, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE